IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LINDA SIDENER, individually and )<br>Officially as Administrator of the Estate )<br>of JOHN SIDENER, CUSTOM VIEW )<br>EXTERIORS, LLC, H&H )<br>CONSTRUCTION GROUP, INC., and )<br>STATE NATIONAL INSURANCE )<br>COMPANY, )<br>)<br>)<br>Defendants. )<br>                                                              ) | CIVIL ACTION NO. 5:21-cv-8 (MTT) |

## ORDER

Plaintiff Owners Insurance Company's ("Owners") amended complaint was filed on August 30, 2021.  Doc. 27.  The Defendant State National Insurance Company ("State National") did not file a responsive pleading within the required time.  On October 7, 2021, Owners filed its application for entry of default, and the same day, the Clerk of Court submitted an entry of default against State National.  Doc. 33.  On October 26, 2021, Owners filed a motion for default judgment.  Doc. 34.  Three days later, on October 29, 2021, State National filed its motion to set aside default.  Doc. 36.  After review, the Court finds good cause to set aside default.  Accordingly, the motion (Doc. 36) is **GRANTED**.[1]

---

[1] The motion for default judgment (Doc. 34) is therefore **DISMISSED** as moot.

"The [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a request to file an untimely answer for good cause. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) ("Perez was entitled to have her motion to file an out-of-time answer to the counterclaim considered under our 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard.") (citation omitted). The defaulting party bears the burden of establishing good cause. *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999).

"Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotation marks and citations omitted). Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings." *Perez*, 774 F.3d at 1337 n.7. In light of the Eleventh Circuit's "strong policy of determining cases on their merits," however, default judgments "are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quotation marks and citation omitted).

The Court finds State National has shown good cause. Promptly after it was served, State National initiated the process of engaging counsel through a third-party

administrator, and its failure to respond was due to an error on the part of that administrator. Doc. 37 at 4. Owners does not argue that the default was culpable or willful. Nor does Owners argue that it would be unduly prejudiced by setting aside the default or that State National failed to respond in a timely manner to notice of default. Owners only argues, at some length and for various reasons, that State National has not shown it has a meritorious defense.[2] While the Court makes no ruling on the merits here, at least some of the defenses raised by State National have potential merit and should be addressed in further proceedings. Accordingly, each of the *Compania* factors weighs in favor of setting aside the default.

For these reasons, the motion to set aside default (Doc. 36) is **GRANTED**.

**SO ORDERED**, this 3rd day of January, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Owners' failure to attach the initial complaint to its summons and service was addressed by both parties' briefings, but it is not necessary to address here as the Court has found good cause to set aside default.